UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON HOUSTON #101036,

                    Plaintiff,                                    Hon. Jane M. Beckering

v.                                                               Case No. 1:21-cv-947

 UNKNOWN SICES et al.,

                    Defendants.
_____/

## REPORT AND RECOMMENDATION

On May 18, 2022, I entered an Opinion and Order granting in part and denying in part the

Motion for Summary Judgment Based Solely on the Failure to Exhaust Administrative Remedies

of Defendants Peter Sices, M.D., and David Huyge, P.A. (ECF No. 13), after Plaintiff failed to

timely respond. (ECF No. 16.) The Opinion and Order were premature. While Plaintiff had

consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (ECF

No. 4), Defendants Sices and Huyge (collectively the Corizon Defendants) had not consented. In

addition, Defendants Burlette, Simon, Yahus, Furgerson, and Salinas (collectively the MDOC

Defendants) had not been served.[1]  Subsequently, a Notice to Defendants Regarding Consent was

sent to the Corizon Defendants (ECF No. 29), but they did not consent. Accordingly I issue this

Report and Recommendation pursuant to, and to comply with, 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, I recommend that the motion (ECF No. 13) be **GRANTED IN**

**PART AND DENIED IN PART**.

_____

[1]  The MDOC Defendants have since been dismissed from the case. (ECF No. 32.)

1

I incorporate by reference the May 18 Opinion and Order. (ECF No. 16.) As noted therein, two grievances were at issue, the 0929 Grievance pertaining to Plaintiff's claim against Defendant Sices and the 0964 Grievance regarding his claim against Defendant Huyge. (*Id.* at PageID.136–37.) I concluded that Defendants had shown that Plaintiff failed to properly exhaust the 0929 Grievance (or any grievance) against Defendant Sices, but that the Grievance Coordinator's rejection of the 0964 Grievance was improper. (*Id.* at PageID.137–38.) Thus, I concluded the motion should be granted as to the claim against Defendant Sices but denied as to the claim against Defendant Huyge. (*Id.* at PageID.138–39.)

First, as to the 0964 Grievance regarding Defendant Huyge, I adopt my prior reasoning and recommend that the Court deny the motion as it pertains to the claim against Defendant Huyge because the 0964 Grievance was improperly rejected.

Regarding the 0929 Grievance concerning Defendant Sices, on July 21, 2022, Plaintiff filed an untimely response to Defendants' motion (ECF No. 20), which I construed as a motion for reconsideration based on allegations in Plaintiff's verified complaint that he had been placed on modified grievance access sometime after July 21, 2021, and that P.C. Simon had refused to process any of Plaintiff's grievances during that time. However, I afforded Defendant Sices an opportunity to address Plaintiff's argument regarding his verified complaint allegations. (ECF No. 25.) Defendant Sices filed his response on July 19, 2022.[2] (ECF No. 28.)

According to Plaintiff's complaint allegations, Dr. Sices's conduct at issue did not occur until, at the earliest, July 25, 2021. (ECF No. 1 at PageID.9–10.) Plaintiff alleges that he was placed on modified access sometime after July 21, 2021, and that he filed his last grievance before that

---

[2] On August 8, 2022, Plaintiff filed a reply. (ECF No. 30.) Because Plaintiff did not seek leave to file a reply, the reply is unauthorized and will not be considered.

restriction was imposed on July 21, 2021. Although Plaintiff does not identify the subject of the grievance in his complaint (*id.* at PageID.10), he attaches a Step I grievance to his complaint with an incident date of July 21, 2021, in which he complains of a missed doctor appointment because he was wearing a "do-rag." (ECF No. 1-1 at PageID.28.) In the "Exhaustion of Legal Remedies" section of his complaint, Plaintiff alleges that he filed Step I grievances regarding "the facts relating to this complaint on 7-7-21, 7-14-21, [and] 7-22-21" and "received rejections on 7-22-21, 7-21-21, [and] 7-28-21." (*Id.* at PageID.12.) Plaintiff also alleged that "[f]rom 7-21-21 till date [sic] P.C. Simon refused to process any of [Plaintiff's] grievances." (*Id.* at PageID.11.) In his declaration filed on June 21, 2022, Plaintiff states that he filed grievances pertaining to all facts alleged against Defendant Sices and "any grievances not completely exhausted at Step 3 was and is due to P.C. Simon refusing [to] send my grievances to Step 3 coordinator and turn in my grievances." (ECF No. 20-1 at PageID.162.) Plaintiff further states that he attempted to file grievances by giving them to staff to turn in, but staff would reject or discard his grievances pertaining to Defendants Sices and Huyge. (*Id.*) Plaintiff also states that both Sices and Huyge told him that, if he continued to file grievances, they would make sure he would never be treated and would take him off of his medications. (*Id.*) Plaintiff attached declarations from two prisoners who were housed near Plaintiff, both of whom confirm Plaintiff's allegations about Sices's and Huyge's alleged threats to take Plaintiff off of his medication if he continued to write grievances. (*Id.* at PageID.163–64.) Finally, Plaintiff attached five Step I grievances, all of which concern events in late 2021 or 2022. (*Id.* at PageID.165–71.) Plaintiff completed two of the Step I forms on April 20, 2022, after Defendants filed their motion for summary judgment, and it appears that they were never submitted to the grievance coordinator. (*Id.* at PageID.165–66.)

In his response, Sices notes that the April 20, 2022 Step I forms apparently were not submitted to the Grievance Coordinator and were dated 17 days after Defendants filed their motion. Sices also attaches an affidavit from acting Grievance Coordinator Matthew Ferguson, who states that Plaintiff was placed on modified access from July 30, 2021, until October 28, 2021. Ferguson also states that records show that Plaintiff did not file any Step I grievances while on modified access, although four Step II appeals for earlier grievances were received during that time. (ECF No. 28-1 at PageID.208–09.)

As noted above, Sices's conduct of which Plaintiff complains occurred no earlier than July 25, 2021, and Plaintiff was placed on modified access on July 30, 2021. Plaintiff alleges that he filed Step I grievances on July 1, 8, and 21, 2021, pertaining to his claims in his complaint. Plaintiff does not allege that he filed, or attempted to file, a grievance regarding Sices at any time between July 25, 2021 and July 30, when he was placed on modified access, nor does he provide any evidence demonstrating such an attempt.

Pursuant to the modified access procedure, "[a] prisoner or parolee who files an excessive number of grievances (three within a 30 calendar day span) that are rejected or [if] the prisoner is found guilty of misconduct for filing an unfounded grievance . . . may have access to the grievance process limited . . . for an initial period of not more than 90 calendar days." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ JJ. While on modified access, a prisoner may obtain Step I forms only through the Step I Grievance Coordinator. The Grievance Coordinator will provide a Step I form if the Grievance Coordinator determines that the issue the prisoner wishes to grieve is grievable or otherwise meets the criteria of the policy. *Id.* at ¶ MM. Thus, a prisoner placed on modified access is not categorically excluded from using the grievance process. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005). Plaintiff also has not alleged or shown that,

while on modified access, he requested a Step I form from the Grievance Coordinator to file a grievance against Sices and that his request was denied.

Finally, Plaintiff's allegation that Sices threatened not to treat him and to withhold his medication if he continued to file grievances could arguably show that the grievance process was unavailable to Plaintiff. In *Ross v. Blake*, 578 U.S. 632 (2016), the Supreme Court observed that a grievance process is unavailable where, among other things, "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. The Court noted that exhaustion is not required "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644; *see also id.* at 644 n.3. Similarly, the Sixth Circuit has held that exhaustion may be excused where a prisoner presents concrete and specific facts showing intimidation that would deter a person of ordinary firmness from continuing to use the prison's grievance process. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577–78 (6th Cir. 2014).

Although the *Ross* court did not elaborate on the term "intimidation," courts have found allegations of specific threats sufficient to render the grievance process unavailable—even when the threats were not explicitly made in the context of filing a grievance—so long as they suggested that the plaintiff would be subjected to serious negative consequences if he used the grievance process to complain to prison officials. *See Sango v. Brandt*, No. 1:19-cv-58, 2019 WL 8399788, at *2 (W.D. Mich. Dec. 6, 2019), *report and recommendation adopted*, 2020 WL 1814111 (W.D. Mich. Apr. 9, 2020) (concluding that the plaintiff's allegations that the defendants attempted to recruit other prisoners to attack him after he reported previous wrongdoing by two of the defendants to prison officials sufficed to establish specific threats of intimidation that rendered the grievance process unavailable to the plaintiff); *Jackson v. Coronado*, No. 2:18-cv-19, 2019 WL

5273530, at *3 (W.D. Mich. May 30, 2019), *report and recommendation adopted*, 2019 WL 3886541 (W.D. Mich. Aug. 19, 2019) (the plaintiff's allegations that the defendants retaliated against him for filing a civil rights complaint by (1) placing him in a suicide cell when he was not suicidal, (2) destroying or damaging his legal papers, (3) threatening to sexually assault him, and (4) telling him that he would be beaten to death if he did not drop his lawsuit created an issue of fact as to whether the grievance process was available to the plaintiff). In *Gilmore v. Ormond*, No. 19-5237, 2019 WL 8222518 (6th Cir. Oct. 4, 2019), the Sixth Circuit concluded that the plaintiff's allegation that his case manager threatened to show other inmates documents indicating that the plaintiff had cooperated with law enforcement if the plaintiff filed a grievance created a genuine issue of material fact as to whether prison officials impeded the plaintiff's use of the grievance system. *Id.* at *2. The court observed that "[e]xposing Gilmore as an informant would have put him in serious jeopardy of physical harm from other inmates, and, for purposes of summary judgment, this alleged threat was sufficient to make the grievance system unavailable to him." *Id.* Even if Sices's alleged comments could amount to intimidation that might have deterred Plaintiff from filing a grievance against Sices, thus rendering the grievance process unavailable, Plaintiff's own declaration shows that Sices's alleged comments were not a deterrent, as he admits that he continued to file grievances by giving them to unnamed staff. (ECF No. 20-1.)

Accordingly, for the foregoing reasons, I adhere to my prior conclusion and find that no genuine issue of material fact remains because the evidence of record shows that Plaintiff did not comply with the exhaustion requirement of 42 U.S.C. § 1997e(a) prior to filing his complaint against Defendant Sices.

**CONCLUSION**

For the foregoing reasons, I recommend that the Court **deny** Defendants' motion for summary judgment based on exhaustion (ECF No. 13) with regard to Plaintiff's claim against Defendant Huyge and **grant** the motion with regard to Plaintiff's claim against Defendant Sices.

Dated: October 3, 2022                                    /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).