UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAMON HOUSTON,

     Plaintiff,

                                           Case No. 1:21-cv-947

v.

                                           HON. JANE M. BECKERING

UNKNOWN SICES, et al.,

     Defendants.

_____/


**OPINION AND ORDER**


     This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendants Peter Sices and David Huyge moved for summary judgment of the claims against them, arguing that Plaintiff had failed to exhaust his administrative remedies.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion as to Plaintiff's claim against Defendant Sices but deny the motion as to the claim against Defendant Huyge.  The matter is presently before the Court on Defendant Huyge's objection to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made.  The Court denies the objection and issues this Opinion and Order.

     In his Complaint, Plaintiff alleged that while he was at a weekly healthcare check-up, Defendant Huyge, who is a healthcare employee, ransacked his cell and stole sentimental items from Plaintiff as retaliation for Plaintiff's grievance activity (ECF No. 1 at PageID.7–9).  Before filing his Complaint in this case, Plaintiff filed Grievance No. ICF-21-07-0964-28b ("the 0964

Grievance"), which concerned the theft of his property on July 8, 2021 by a "healthcare employee" (Grievance Report, ECF No. 13-1 at PageID.121). In the grievance, Plaintiff indicated that he talked to the corrections officer and was "told the only one [who] did a round was Healthcare while [he] was in Medical" (*id.* at PageID.121). He requested that MDOC staff "[p]lease check cameras and talk to who came in my room for my items" (*id.*). The MDOC Grievance Coordinator rejected the 0964 Grievance for being "vague, illegible, or contain[ing] extraneous information" in violation of MDOC policy, and the rejection was upheld at Steps II and III (*id.* at PageID.119–122).

In recommending that this Court deny Defendant Huyge's motion, the Magistrate Judge concluded that the Grievance Coordinator improperly rejected the 0964 Grievance (ECF No. 16[1] at PageID.137–138). The Magistrate Judge determined that the contents of the grievance were "certainly not vague or illegible" but confined to Plaintiff's specific concern (*id.* at PageID.138). The Magistrate Judge pointed out that Plaintiff stated he was unable to identify the perpetrator based on the information that he currently possessed (*id.*). Acknowledging that a court should exercise restraint in inserting itself in a prison's grievance process, the Magistrate Judge nonetheless concluded that there was no "more Plaintiff could have done" to comply with the administrative procedure and that his efforts to exhaust his administrative remedies were sufficient under the circumstances (*id.*).

In his objections to the Report and Recommendation, Defendant Huyge argues that the Grievance Coordinator properly rejected the 0964 Grievance for vagueness because the grievance merely uses the term "healthcare" and no statement therein "puts anyone on notice as to who allegedly took his things" (Def. Obj., ECF No. 35 at PageID.230–231). Defendant Huyge argues

---

[1] In the Report and Recommendation (ECF No. 33 at PageID.220), the Magistrate Judge incorporated by reference her May 18, 2022 Opinion and Order (ECF No. 16).

that to conclude otherwise puts the MDOC in a "no-win situation" because processing a vague grievance on its merits constitutes exhaustion (*id.* at PageID.230, citing *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010)).

Defendant Huyge's objection is properly denied.  Defendant Huyge's argument focuses on Plaintiff's "failure" to identify the employee by name.   However, when a prisoner makes affirmative efforts to comply with administrative procedures but does not succeed, courts analyze whether those efforts to exhaust were "sufficient under the circumstances." *Lamb v. Kendrick*, 52 F.4th 286, 293 (6th Cir. 2022) (quoting *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).  Here, Plaintiff identified in his grievance a healthcare employee who went into his cell on July 8, 2021 during the timeframe of his healthcare appointment.   Defendant Huyge, who does not address the quality of Plaintiff's efforts at compliance under the unique circumstances of this case, concomitantly fails to demonstrate any analytical error by the Magistrate Judge.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 35) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 33) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 13) is GRANTED IN PART as to Plaintiff's claims against Defendant Sices and DENIED IN PART as to Plaintiff's claim against Defendant Huyge.  Plaintiff's claims against Defendant Sices are DISMISSED without prejudice, and Defendant Sices is TERMINATED as a party to this case.

Dated:  November 17, 2022                          /s/ Jane M. Beckering
                                                                JANE M. BECKERING
                                                                United States District Judge

3